|  |  |
|---|---|
| Nancy Carrera, et al.,<br><br>          Plaintiffs,<br> vs.<br><br>First American Home Buyers Protection Company, et al.,<br><br>          Defendants. | CASE NO. 13cv1585-BAS (JLB)<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR PROTECTIVE ORDER<br><br>[ECF No. 100] |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

Before the Court is Defendant First American Home Buyer Protection Company's motion seeking a protective order precluding the deposition of Ms. Maggi Havas, and a second Fed. R. Civ. P. 30(b)(6) deposition of First American. (ECF No. 100.) Plaintiffs filed their response in opposition to the motion on July 15, 2014. (ECF No. 101.) On July 17, 2014, Defendant filed its reply. (ECF No. 102.) On July 21, 2014, the Court held oral argument. (ECF No. 103.) The Court grants in part and denies in part the motion.

## I. Legal Standard

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding a deposition, or limiting its scope. Fed. R. Civ. P. 26(c)(1)(A), (D). "The burden is upon the party seeking the [protective] order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO,*

*Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). This burden can be met by showing that the sought after discovery is irrelevant. Fed. R. Civ. P. 26(b)(2)(C)(iii) ("the court must limit the frequency or extent of discovery . . . if it determines that . . . "the burden or expense of the proposed discovery outweighs its likely benefit"). "The compulsion of production of irrelevant information is an inherently undue burden" for which a protective order may issue. *Jimenez v. City of Chicago*, 733 F. Supp. 2d 1268, 1273 (W.D. Wash. 2010) (citing *Compaq Computer Corp. v. Packard Bell Elecs.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995)); *Monte H. Greenawalt Revocable Trust v. Brown*, No. 12cv1983, 2013 WL 6844760, *3 (D. Nev. Dec. 19, 2013) ("Discovery requests seeking irrelevant information are inherently undue and burdensome"); *Ginena v. Alaska Airlines, Inc.*, No. 04cv1304, 2011 WL 4749104, *1 (D. Nev. Oct. 6, 2011) ("If discovery sought is not relevant, the court should restrict discovery by issuing a protective order.").

      As the United States Supreme Court has explained, district courts must safeguard against discovery that goes beyond the bounds of relevancy:

> The Court has more than once declared that the deposition-discovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials. . . . But the discovery provisions, like all of the Federal Rules of Civil Procedure, are subject to the injunction of Rule 1 that they "be construed to secure the just, *speedy*, and *inexpensive* determination of every action." [ ]  To this end, the requirement of Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and the district courts should not neglect their power to restrict discovery where "justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."

*Herbert v. Lando*, 441 U.S. 153, 177 (1979) (internal citations omitted).

**II.     Analysis**

      **A.     Maggi Havas**

Plaintiffs seek to depose Maggi Havas, a former First American marketing executive. Defendant argues that Ms. Havas' deposition should not go forward as it would be cumulative of its Rule 30(b)(6) witness' deposition testimony from 2013.[1]

---

[1] The parties and thus, the Court, refer to this deposition as occurring under Fed. R. Civ. P. 30(b)(6), but it was actually a person most qualified deposition pursuant to Cal. Code Civ. P. § 2025.230.

While there may be some overlap, Ms. Havas is a third party and may provide testimony that conflicts with or demonstrates knowledge superior to Defendant's Rule 30(b)(6) witness' testimony. Indeed, Defendant's Rule 30(b)(6) witness held Ms. Havas out as a person who has superior knowledge about Defendant's sales and marketing. The Court declines to preclude this deposition witness testimony on the ground that her anticipated testimony is cumulative and, thus, unnecessary.

Plaintiffs seek to depose Ms. Havas because she is "knowledgeable about Defendant's sales and marketing materials, including the advertisements that are a central focus of this case." (ECF No. 101 at 5.) Defendant requests that Plaintiffs be precluded from asking any "RESPA-related" questions.[2] Plaintiffs oppose this request because it is a vague and amorphous limitation. Plaintiffs further argue that questions regarding Defendant's use of real estate agents are not related to RESPA, but rather go to Defendant's false and misleading advertisements and Plaintiffs' claim that Defendants engaged in unfair competition in violation of the Unfair Trade Practices Act, Cal. Bus. & Prof. Code § 17200.

The Court agrees that the label "RESPA-related" is too amorphous of a limitation for a protective order. Questions about whether and how real estate agents were used to make or disseminate allegedly untrue or misleading statements would be relevant to the claims and defenses in this action. For this reason, Magistrate Judge McCurine held that "information as to whether First American [] utilized real estate agents to communicate misleading statements regarding its home warranty policies to home buyers is reasonably calculated to lead to the discovery of admissible evidence." (ECF No. 76 at 7-8.) Further, Magistrate Judge McCurine ordered Defendant to

---

[2] "RESPA" (Real Estate Settlement Practices Act, 12 U.S.C. §§ 2601-2617). "RESPA prohibits referral fees for real estate settlement services: 'No person shall give and no person shall accept any fee, kickback, or thing of value [for referring] business incident to or a part of a real estate settlement service involving a federally related mortgage loan.'" *Prudential Locations LLC v. U.S. Dep't of Hous. & Urban Dev.*, 739 F.3d 424, 427 (9th Cir. 2013) (quoting 12 U.S.C. § 2607(a)). Plaintiffs do not have a RESPA cause of action in this case.

1  respond to discovery requests that sought "policies and procedures for utilizing real
2  estate agents and brokers in any capacity relating to home warranty contracts" and
3  "documents, including but not limited to scripts related to First American's training of
4  persons utilizing to sell and/or market First American's home warranty contracts." (*Id*.
5  at 8.) The content of such written advertisements, marketing or training materials, and
6  solicitations, including to whom and from whom they were sent or directed is relevant
7  to this case.³

8  However, as explained below, Defendant has met its burden to show good cause
9  exists for a protective order limiting the scope of such deposition questioning.

10   **B.   Defendant's Rule 30(b)(6) Witness**

11  On June 25, 2014, Plaintiffs issued a Notice of Deposition to Defendant pursuant
12  to Federal Rule of Civil Procedure 30(b)(6). The Notice contains 10 topics for which
13  Plaintiffs seek deposition testimony on Defendant's behalf. Defendant seeks to
14  preclude the deposition and raises objections to Topics 1 through 5.

15  In seeking to preclude the deposition, Defendant argues that a second Rule
16  30(b)(6) deposition is not allowed without both prior leave of court and a determination
17  that the deposition complies with Rule 26(b)(2). (ECF No. 100 at 5.) The Court
18  agrees. *See* Fed. R. Civ. P. 30(a)(2). Federal Rule of Civil Procedure 30(a)(2)(A)(ii)
19  provides that leave of court must be granted to take a deposition if "the deponent has
20  already been deposed in the case."⁴ The Federal Rules in turn provide that a court must

---

³ To the extent Plaintiffs argue that kickbacks and commissions to real estate agents can serve as the predicate act to their unfair competition claim, that argument has already been rejected by the Court. (ECF Nos. 76, 94.) Moreover, the record also supports the conclusion that, in an effort to avoid having their case removed to federal court, Plaintiffs made the strategic decision not to plead kickbacks and commissions under RESPA. Such claims could give rise to federal question jurisdiction under RESPA, and Plaintiffs sought to plead this case so that it would be tried in state court. This strategy was ultimately unsuccessful.

⁴ *See also Burdick v. Union Sec. Ins. Co.*, No. 07cv4028, 2008 WL 5102851, at *2-*3 (C.D. Cal. Dec. 3, 2008) ("This court agrees with the reasoning and decisions of those courts which have held that the prior judicial approval requirement applies to deposition notices and subpoenas issued to corporations pursuant to Rule 30(b)(6).");

1  limit the deposition to the extent that "the discovery sought is unreasonably cumulative
2  or duplicative," "the party seeking discovery has had ample opportunity to obtain the
3  information by discovery in the action," or "the burden or expense of the proposed
4  discovery outweighs its likely benefit, considering the needs of the case, the amount
5  in controversy, the parties' resources, the importance of the issues at stake in the action,
6  and the importance of the discovery in resolving the issues."  Fed. R. Civ. P.
7  26(b)(2)(C)(I)-(iii); Fed. R. Civ. P. 30(a)(2).

8        Defendant argues that it already produced a Rule 30(b)(6) witness on its behalf
9  on March 19, 2013. (ECF No. 100 at 6.)  This was Plaintiffs' opportunity to obtain the
10 information they now seek over a year later.  Defendant argues that Plaintiffs waited
11 too long – until June 25, 2014 – to complain that a second deposition is warranted
12 because Defendant's witness did not adequately answer questions.  The Court agrees
13 in part.  Waiting over a year is too long, but the convoluted record relevant to this issue
14 reflects that for months Plaintiffs actively pursued third party witness depositions that
15 they believed would provide the discovery that they did not get from Defendant's
16 witness.  Then, on May 29, 2014, Plaintiffs learned that one of the proposed third party
17 witnesses likely did not have the relevant information sought, and the Court directed
18 the parties to meet and confer regarding appropriate witnesses for this case.  The
19 second 30(b)(6) deposition notice was issued as a result of the dialogue between the
20 parties as to who was most likely to have the information Plaintiffs seek.  Thus,
21 because of the unique procedural history of this case, the Court concludes that the
22 window has not yet shut for Plaintiffs to conduct a second Rule 30(b)(6) deposition of
23 Defendant.

24       Defendant argues that even if the Court grants Plaintiffs leave to conduct a
25 second Rule 30(b)(6) deposition, the deposition topics must be narrowed to comply
26 with Rule 26(b).

---

28 *Groupion, LLC v. Groupon, Inc.*, No. 11cv870, 2012 WL 359699, *5 (N.D. Cal. Feb. 2, 2012) (same).

With respect to Topics 1 and 2 of the June 25, 2014 Notice, Defendant objects that Plaintiffs are seeking cumulative deposition testimony because Topics 1 and 2 are "virtually indistinguishable" from a topic contained in the first deposition notice and testified to by Defendant on March 19, 2013. The topics all concern Defendant's use of sales persons and real estate agents to market and sell home warranty plans.[5] In response, Plaintiffs present evidence that in the first deposition the deponent was not prepared to testify as to how the sales force is trained or how the sales force is told to market, or told what to say. Thus, the Court concludes that while there may be some overlap, there is non-cumulative testimony that Plaintiffs are entitled to obtain through a second Rule 30(b)(6) deposition.

With respect to Topics 3-5, Defendant asserts a relevance objection and seeks a protective order this basis. Defendant seeks protection under Rule 26 with respect to testimony sought from its Rule 30(b)(6) witness (and Ms. Havas) on these topics because they are "RESPA-related" topics. Topics 3-5 read as follows:

    3.    All benefits provided by First American to real estate agents.

    4.    An identification and description of all contracts and agreements between First American and real estate agents during the Class Period.

    5.    The total advertising and marketing budget for First American for each year of the Class Period, including any detailed subcategories for the budget and/or actual amount of money spent by First American on marketing and advertising to real estate agents.

Plaintiffs contend that these topics are relevant because there is extensive evidence that

---

[5] These topics are as follows: (1) "First American's training and use of real estate agents during the Class Period to market and sell home-warranty plans, including an identification and description of all brochures, advertisements, training materials, and information given to real estate agents to educate them about the benefits and coverage of First American's home-warranty plans;" and (2) "An identification and description of all information, brochures, advertisements, solicitations, and other material First American asks real estate agents to give or forward to consumers to encourage consumers to acquire a First American home-warranty plan." (ECF No. 100-1 at 8.)

"[o]ne way that Defendant sells its plans is by training and incentivizing real estate agents to recommend the sale of the plans to consumers." (ECF No. 101 at 2.) Further, Plaintiffs seek testimony regarding how the sales force is trained or how the sales force is told to market, or told what to say regarding home warranty plans. (*Id*. at 6.)

The Court concludes based on the arguments of counsel and the plain language of topics 3, 4 and 5, that Plaintiffs intend to seek irrelevant deposition testimony insofar as they focus on the details of how real estate agents were incentivized. Here, the law of the case is that information concerning the payment or receipt of commissions to real estate agents from Defendant First American is irrelevant. (ECF Nos. 76, 87, 94.) Thus, Defendant has shown good cause for a protective order limiting the scope of deposition testimony.

Therefore, to protect the witnesses and Defendant in this case from undue burden and expense, this Court orders that Plaintiffs' counsel is not permitted to ask deponents in this case questions about the payment and/or receipt of fees, kickbacks, service charges, commissions, compensation or things of value to real estate agents and brokers for services or referrals. Nor shall counsel ask about any understanding, agreement, or investigation regarding the same.

**III.  Conclusion**

Defendant' motion seeking a protective order for the depositions of Ms. Maggi Havas and Defendant's second Fed. R. Civ. P. 30(b)(6) witness (ECF No. 100) is GRANTED IN PART AND DENIED IN PART. Plaintiffs are granted leave to conduct the depositions of Ms. Havas and Defendant's Rule 30(b)(6) witness. Absent further leave of court, the depositions are each limited to 1 day of 7 hours and shall take place on or before **August 15, 2014**.[6] Further, the depositions shall be governed

---

[6] While Plaintiffs have leave of court to conduct these depositions on or before August 15, 2014, this Order does not otherwise extend or alter the parties' July 29, 2014 deadline for completion of all discovery related to class certification. (ECF No. 92.)

1  by the following PROTECTIVE ORDER:

2     Plaintiffs' counsel is not permitted to ask deponents in this case questions about the payment and/or receipt of fees, kickbacks, service charges, commissions, compensation or things of value to real estate agents and brokers for services or referrals.  Nor shall counsel ask about any understanding, agreement, or investigation regarding the same.  Pursuant to Federal Rule of Civil Procedure 30(c)(2), Defendant's counsel may instruct a deponent not to answer only if the questions asked violate this Order.  Should Plaintiffs' counsel disagree with this instruction, they may take a brief recess to call the magistrate judge for resolution.  Should counsel be unable to reach the magistrate judge during the course of the deposition, then Plaintiffs' counsel shall preserve any objections on the record and ask the deponent whether he/she would be able to answer the question if he/she was instructed to answer by the Court.

IT IS SO ORDERED.

DATED: July 23, 2014

_____
JILL L. BURKHARDT
United States Magistrate Judge